## Malunney's Estate.

*Will—Probate—Execution—Evidence—Issue devisavit vel non.*

Where the proof of the execution of a will by the subscribing witnesses is clear and is unshaken by cross-examination, and this proof is corroborated by comparison of the signature with other signatures of testator whose genuineness is admitted, and there is no proof of imposition or incompetency, an issue devisavit vel non will be refused, although several witnesses for the contestant swear that the signature is not genuine, and the will itself seems unnatural and unreasonable.

Argued Nov. 9, 1903.    Appeals, Nos. 177, 178 and 179, Oct. T., 1903, by Eleanor J. Malunney et al., from decree of O. C. Allegheny Co., June T., 1903, No. 201, dismissing appeal from register of wills in estate of Mary A. Malunney et al.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Appeal from register of wills.

The court through HAWKINS, P. J., filed the following opinion :

The petition on appeal specifies four grounds upon which

it is sought to set aside Miss Malunney's will; but the evidence raises that of execution only. The facts are these:

Eleanor J. Malunney, the appellant, was a niece of this decedent, and lived with her from early childhood until about a year ago, a dispute arose out of the will of Eleanor's father. For some unexplained reason, Mr. Malunney gave his whole estate to his sister, and Eleanor contested it. Pending the contest Miss Malunney, having heard for the first time that Dennis A. E. Behen was a relative of hers, sought him out, introduced herself and employed him as assistant counsel. The contest was afterward decided in her favor. The estate which passed under the will is said to have amounted to $5,000 or $6,000. The certificate signed by Mr. Behen that "by reason of poverty" Miss Malunney was "unable to pay for the printing of her answer" in that case implies that she had no other property than this. In February, 1903, while on her deathbed she made the will now contested, in which she gave her whole estate, presumably that derived from this contestant's father, to Mr. Behen, who was unknown to her six months before, and disinherited her niece, whom she had raised. The proof of execution, however, by the subscribing witnesses, was clear, and was unshaken by cross-examination; and these were corroborated by comparison of Miss Malunney's signature with other signatures whose genuineness was admitted. Several witnesses called by contestant swore that the signature was not genuine; but these fall far short of overcoming the evidence contra adduced in support of the will. The will seems unnatural and unreasonable; but in the absence of proof of imposition or incompetency, the court has no power to interfere with her disposition.

The demand for an issue must therefore be refused.

*Error assigned* was the decree of the court.

*A. H. Rowand*, with him *H. H. Rowand*, for appellants.

*A. V. D. Watterson*, with him *A. B. Reid*, for appellee.

PER CURIAM, January 4, 1904:
Decree affirmed on the opinion of the court below.